THOMPSON, Judge.
This is an appeal from a final administrative order of the Department of Health and Rehabilitative Services (HRS) denying Mitchell’s application for renewal of his license to operate an adult congregate living facility (ACLF). Mitchell contends HRS erred in rejecting the findings of fact in the hearing officer’s recommended order. We agree and reverse.
Mitchell and his wife operate an ACLF in their home in Pensacola. Pursuant to law and HRS rules, ACLF’s are permitted to offer only “personal services” to their residents and may not provide “nursing services.” See § 400.402(1), .402(8), Fla.Stat. (1981); Chapter 10A-5 Fla.Admin.Code. On July 3, 1981, Mitchell applied for a renewal of his license which was to expire on August 11, 1981. During inspections conducted on July 28,1981, September 17,1981, and October 1, 1981 HRS personnel observed activities on the part of Mitchell’s employees which HRS determined were prohibited nursing services. Accordingly, HRS denied Mitchell’s license renewal application and filed an administrative complaint against him.
After a full hearing, the hearing officer issued a recommended order making detailed findings of fact regarding the patients alleged to have been furnished nursing services and their lack of need for nursing services as testified to by their private physicians. Based on these findings, the hearing officer concluded that the ACLF was not providing nursing services.
One of the services rendered by the ACLF which the hearing officer found to be personal services, rather than nursing services, involved self-administration of medicines prescribed by the patient’s physician. The only instruction the physician gave concerning these medications is that the patient should be observed for over-sedation since he prescribed thorazine on an as-needed basis. The supervision of self-administered medication, the observation of patients receiving medication, and the immediate reporting of noticeable effects and side effects of medication to a patient’s physician is specifically authorized by statute as a personal service. Sec. 400.402, Fla.Stat. “Supervision of self-administered medication” is defined by § 400.402(11) as follows:
reminding residents to take medication, opening bottle caps for residents, reading the medication label to residents, observ *945 ing residents while they take medication, checking the self-administered dosage against the label of the container, reassuring residents that they have obtained and are taking the correct dosage, keeping daily records of when residents receive supervision pursuant to this subsection, and immediately reporting noticeable effects and side effects of medication to the resident’s physician. Supervision of self-administered medication shall not be construed to mean that a facility shall provide such supervision to residents who are capable of administering their own medication, (emphasis added).
HRS has no authority to define this service by rule as nursing services.
HRS even contended at the hearing that a patient requires nursing services when she requires assistance in bathing, walking, and other aspects of daily living. However, such services are specifically defined by § 400.402(8) as personal services. Accordingly, the hearing officer properly found that such services did not constitute nursing.
After detailing his conclusions of law the hearing officer recommended renewal of Mitchell’s license. HRS rejected many of the hearing officer’s findings of fact on the grounds they were not supported by competent substantial evidence. It also rejected the hearing officer’s conclusions of law and ordered that the license applied for be denied.
HRS erred in rejecting the hearing officer’s findings of fact and in concluding they were not supported by competent substantial evidence. There is ample competent substantial evidence in the record to support the hearing officer’s findings of fact and the final order of HRS rejecting the findings gives no valid reason for the rejection. See McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
The order denying Mitchell’s application for license renewal is vacated with instructions that HRS enter a final order in accordance with the hearing officer’s recommended order.
REVERSED.
BOOTH, J., concurs.
WENTWORTH, J., dissents.